UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

```
In re                         )
                              )
JAMES ELLETT,                 )
                              )
              Debtor.         )
                              )
_____)
                              )
JAMES ELLETT,                 )   CIV. S-04-2546 GEB
                              )
              Appellant,      )
                              )   ORDER*
     v.                       )
                              )
GERALD GOLDBERG,              )
                              )
              Appellee.       )
_____)
```

Appellant ("Ellett") appeals from the November 1, 2004, Amended Memorandum Decision ("Decision") issued by the United States Bankruptcy Court for the Eastern District of California.  The bankruptcy court denied Ellett's motion for an injunction against Appellee, who is the Executive Director of the California Franchise Tax Board ("FTB"), which sought to enjoin the FTB from collecting delinquent pre-petition income taxes.  The motion was denied on the

---

\* This matter was determined to be suitable for decision without oral argument.  L.R. 78-230(h).

1

ground that the FTB's claim was not discharged in Ellett's bankruptcy case because the FTB did not receive notice of Ellett's bankruptcy proceeding. The bankruptcy court held that the notice of the meeting of creditors ("§ 341 Notice") did not notify the FTB of Ellett's bankruptcy proceeding because his bankruptcy petition and § 341 Notice listed an incorrect social security number ("SSN"). (Decision at 15.) In addition, the bankruptcy court held that neither the bankruptcy petition nor the § 341 Notice put the FTB on constructive or inquiry notice of Ellett's bankruptcy proceeding because Ellett could not shift the burden of identifying the debtor onto the FTB by listing an erroneous SSN. (Decision at 16.)

Jurisdiction exists over this appeal under 28 U.S.C. § 158. For the reasons discussed below, the Decision is affirmed.

I.

BACKGROUND[1]

Ellett filed a chapter 13 bankruptcy case and scheduled the FTB as a non-priority tax creditor. The bankruptcy petition misstated the last number in Ellett's SSN. This error was perpetuated in the § 341 Notice.[2] The FTB did not file a proof of claim in Ellett's chapter 13 case because the wrong SSN was listed on the § 341 Notice.

When the FTB receives a bankruptcy notice, it checks its records to verify that the SSN on that notice belongs to the debtor identified in the title. If the debtor owes delinquent taxes, the FTB

---

[1] The parties stipulated to the facts and exhibits that were relevant to the Decision.

[2] The chapter 13 trustee mailed the § 341 Notice to all creditors, including the FTB. Ellett's § 341 Notice combined the notice of the first meeting of creditors with the notice of the order for relief and the time allowed for filing claims. Fed. R. Bankr. P. 2002(a), (f)(1).

2

files a proof of claim.

In those instances where the name of the debtor does not match the SSN on the bankruptcy notice, and the taxpayer with that SSN owes no taxes, the FTB places the debtor's name and the erroneous SSN on a "fallout list." FTB policy provides an alternative procedure for someone at the FTB to investigate further and attempt to match the name of the debtor to a correct SSN. However, that procedure was used "infrequently, if at all," because of resource limitations when Ellett filed for bankruptcy. (Decision at 7.) There is no evidence that the FTB attempted to identify Ellett by the alternative procedure of using his name and address. Rather, the record reveals that the FTB was unaware of Ellett's bankruptcy proceeding until some time after February 6, 1995 - *after* the claims bar date - when Ellett's attorney informed the FTB of Ellett's bankruptcy proceeding in response to the FTB's levying of Ellett's wages for delinquent pre-petition state income taxes. (Id. at 2-4, 16-17.)

In this case, the record holder of the SSN listed in Ellett's bankruptcy petition and § 341 Notice owed no taxes to the FTB. As the bankruptcy court noted, "[t]hat person and James Ellett were obviously different people because James Ellett said he owed taxes while the record holder of the social security number owed none." (Decision at 6.)

II.

ANALYSIS

A.   Standard of Review

"When reviewing a decision of a bankruptcy court, a district court functions as an appellate court . . . [and] must accept the bankruptcy court's findings of fact unless they are clearly

3

erroneous." In re Guadarrama, 284 B.R. 463, 468 (C.D. Cal. 2002). "[T]he bankruptcy court's conclusions of law [are reviewed] *de novo*." Id.

B.   <u>Adequacy of Notice</u>

    1.   *The FTB Must Receive Adequate Notice for Ellett's Debt to the FTB to be "Provided For" in His Bankruptcy Plan.*

A chapter 13 discharge is limited to debts "provided for by the plan." 11 U.S.C. § 1328(a). "[T]he phrase 'provided for' . . . simply requires that for a claim to become dischargeable the plan must 'make a provision for it,' *i.e.,* deal with it or refer to it." Lawrence Tractor Co. v. Gregory, 705 F.2d 1118, 1122 (9th Cir. 1983). Ellett identified the FTB as an unsecured creditor in his schedules, and his chapter 13 plan required him to pay a 12% dividend to holders of unsecured claims over 37 months. However, simply making a provision for the debt alone is insufficient; a claim is not "provided for" unless the creditor is notified in a timely manner of the bankruptcy proceeding. In re Crites, 201 B.R. 277, 281 (Bankr. D. Ore. 1996) ("[T]he Ninth Circuit definition of 'provided for' as used in Chapter 13 perforce includes notice to creditors which is sufficient to provide them with the opportunity to timely participate in the procedural rights granted to them in that chapter.").

    2.   *Ellett Failed to Give the FTB Adequate Notice of His Bankruptcy Proceeding.*

Ellett argues that his debt to the FTB was discharged in his chapter 13 bankruptcy proceeding despite the listing of an incorrect SSN on the bankruptcy petition and § 341 Notice because the FTB could have identified Ellett by his name and address. This argument fails, however, because Ellett disclosed inaccurate information in violation

4

of the requirement that he disclose his correct SSN. <u>Morgan v. Barsky (In re Barsky)</u>, 85 B.R. 550, 553 (C.D. Cal. 1988), <u>aff'd</u> 933 F.2d 1013 (9th Cir. 1991).

When Ellett filed his bankruptcy petition, Rule 1005 of the Federal Rules of Bankruptcy Procedure required that the caption of every bankruptcy petition "include the name, social security number . . . and all other names used by the debtor within six years before filing the petition."[3]  In addition, Rule 2002(n) requires that the notice of the meeting of creditors include the debtor's SSN. "In order to enjoy the valuable privilege of discharging liabilities, [Ellett] must comply with [Rule 1005] and disclose his . . . [correct] social security number on the bankruptcy petition." <u>In re Adams</u>, 214 B.R. 212, 217 (B.A.P. 9th Cir. 1997).  "[Ellett's] noncompliance with Rule 1005 resulted in [the FTB's] failure to receive adequate notice of the filing of the bankruptcy petition and further resulted in the failure of [the FTB] to file timely a proof of claim in the chapter 13 case of [Ellett]." <u>In re Gamble</u>, 85 B.R. 150, 152 (Bankr. N.D. Ala. 1988).

Ellett argues that strictly enforcing the requirements of Rule 1005 imposes "an impossible burden upon the debtor by placing upon him the duty to determine if [the] FTB did or did not identify him as the debtor when in fact [the] debtor was not even aware of the error until [the] FTB advised him after discharge." (Appellant's Br. at 9.)  However, the burden placed on Ellett simply required him to

---

[3] Unless otherwise indicated, all references to Rules are to the Federal Rules of Bankruptcy Procedure.  Rule 1005 was amended in 2003 to require only that the last four digits of an individual debtor's SSN be included in the caption of the petition.

5

accurately disclose his SSN pursuant to Rule 1005.  (Decision at 15.)

Alternatively, Ellett argues that, notwithstanding the incorrect SSN, the FTB received sufficient notice to be imputed with knowledge of his bankruptcy proceeding, citing the Ninth Circuit's standard for constructive or inquiry notice.  The Ninth Circuit stated in Lawrence Tractor:

> When the holder of a . . . claim . . . receives any notice from the bankruptcy court that its debtor has initiated bankruptcy proceedings, it is under constructive or inquiry notice that its claim may be affected, and it ignores the proceedings to which the notice refers at its peril.  "Whatever is notice enough to excite attention and put the party on his guard and call for inquiry, is notice of everything to which such inquiry may have led."

705 F.2d at 1123 (quoting D.C. Transit Sys., Inc. v. United States, 531 F. Supp. 809, 812 (D.D.C. 1982)).  Ellett contends that had the FTB searched the name and address listed in his bankruptcy petition and the § 341 Notice, it would have been able to identify him.

However, Lawrence Tractor involved a notice of the meeting of creditors that included all statutorily required information, but did not contain some attachments that a creditor might find helpful. Id. at 1122-23; Barsky, 85 B.R. at 853.  As the Ninth Circuit held in DeWalt v. DeWalt, 961 F.2d 848, 850 (9th Cir. 1991), creditors should not be "unfairly punishe[d] . . . [by] holding them to the highest standards of diligence in a situation caused by negligence of a debtor," since this would "reward[] the debtor . . . for negligent filing."  Therefore, the FTB was not on constructive or inquiry notice of Ellett's bankruptcy proceeding because the inaccurate information listed in the bankruptcy petition and the § 341 Notice did not sufficiently identify Ellett.

III.

CONCLUSION

Since Ellett's bankruptcy petition and the § 341 Notice listed an incorrect SSN, Ellett's debt to the FTB was not discharged in his chapter 13 bankruptcy plan.  Therefore the bankruptcy court properly denied Ellett's motion for an injunction, and attorney's fees and costs.


AFFIRMED.

Dated:  July 21, 2005

/s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge